## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Raven Schexnayder, | : |
| | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : JUDGE: |
| | : |
| Commercial Recovery Systems, Inc.; | : MAGISTRATE JUDGE: |
| and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Raven Schexnayder, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Raven Schexnayder ("Plaintiff"), is an adult individual residing in Maurice, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton Freeway, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Commercial and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Commercial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. **The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Commercial Engages in Harassment and Abusive Tactics**

12.     In or around June of 2012, Commercial placed its first call to Plaintiff's place of employment in an attempt to collect the Debt.

13.     Commercial failed to identify itself during this telephone call and, further, refused to identify the Creditor.

14.     Plaintiff asked Commercial to send her written correspondence outlining its attempt to collect the Debt. Commercial refused to do so and told Plaintiff, "Unless you're willing to pay $4,000.00, this paper is gold and I'm not sending it to you."

15.     Thereafter, Commercial contacted Plaintiff at her place of employment. Commercial threatened to immediately garnish Plaintiff's wages if she did not make an immediate payment on the Debt, overshadowing Plaintiff's right to dispute the Debt and, once again, refused to send Plaintiff any paperwork regarding the Debt.

16.     Plaintiff asked Commercial to cease placing calls to her place of employment on June 18, 2012, informing Commercial that personal calls were not permitted by her employer and that personal calls were interfering with her employer's business.

17.     Despite Plaintiff's request, Commercial thereafter continued to contact Plaintiff's place of employment in an attempt to collect the Debt.

18.     Commercial advised Plaintiff that it was preparing to speak to her employer's human resources department, stating, "We need to get the ball rolling on the garnishment."

19.     To date, Commercial has not contacted Plaintiff's employer regarding garnishment, has not taken legal action against Plaintiff and does not have the present ability to garnish Plaintiff's wages.

20.     Commercial failed to send Plaintiff a 1692(g) notice, informing Plaintiff of her rights under federal law, including the right to dispute the Debt

3

C. **Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in the Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the legal status of the Debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send the Plaintiff a validation notice within five days of its initial contact with Plaintiff.

34.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE LOUISIANA FAIR DEBT COLLECTION PRACTICES ACT
## LA. REV. STAT. RS 9:3562, et al.

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Plaintiff is a "consumer" as defined by La. Rev. Stat. Ann. § 3516(10).

38.     Each Defendant is a "debt collector" as defined by La. Rev. Stat. 9:3534.1(A).

39.     The Defendants contacted the Plaintiff and threatened action not otherwise permitted by law in violation of LA. Rev. Stat. 9:3562(3).

40.     The Plaintiff is entitled to damages pursuant to La. Rev. Stat. 9:3572.12.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43.     Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

44.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

45.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

46.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

49.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff

was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

50.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Louisiana.

51.     All acts of the Defendants and the Collectors complained of herein were

committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the

Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

    against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5.  Actual damages from the Defendants for the all damages including emotional

    distress suffered as a result of the intentional, reckless, and/or negligent

    FDCPA violations and intentional, reckless, and/or negligent invasions of

    privacy in an amount to be determined at trial for the Plaintiff;

6.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 2, 2012

Respectfully submitted,

By: ___/s/ Kenneth D. McLean_____
Kenneth D. McLean, Esq. (LSB No. 30190))
THE McLEAN LAW FIRM, LLC
P.O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
Attorneys for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

8